**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| DEVIN HANEY and DEVIN HANEY PROMOTIONS, INC., |
| Plaintiffs, |
| v. |
| RYAN GARCIA, DAVE HONIG, JOHN DOES, and GOLDEN BOY PROMOTIONS, INC., |
| Defendants. |
| RYAN GARCIA, |
| Counterclaim Plaintiff, |
| v. |
| DEVIN HANEY, WILLIAM HANEY, and DEVIN HANEY PROMOTIONS, INC., |
| Counterclaim Defendants. |

Case No.:  1:24-cv-06845-FB-TAM

**DEMAND FOR JURY TRIAL**

### DEFENDANT RYAN GARCIA'S
### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
### TO PLAINTIFFS' COMPLAINT

Defendant Ryan Garcia ("Garcia" or "Defendant"), by and through his undersigned counsel, submits this Answer, Affirmative Defenses, and Counterclaims in response to the Complaint filed by Plaintiffs Devin Haney and Devin Haney Promotions, Inc. ("Haney Promotions") (collectively, "Plaintiffs") and alleges as follows:

1

## PARTIES[1]

1.      Garcia admits that Devin Haney is a professional boxer. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 1 of the Complaint, and accordingly denies the same.

2.      Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and accordingly denies the same.

3.      Garcia admits that he is a professional boxer. He further admits that he is a citizen of the State of California. Garcia denies the remainder of the allegations set forth in paragraph 3 of the Complaint.

4.      Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and accordingly denies the same.

5.      Garcia admits that Dave Honig ("Honig") is a fitness trainer. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 5 of the Complaint, and accordingly denies the same.

6.      Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and accordingly denies the same.

## JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to the citizenship of the other parties to the lawsuit, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 7 of the Complaint.

---

[1] Garcia has included the headings and subheadings listed in the Complaint to assist in reading the pleadings and in doing so makes no admission or concession about the accuracy of those headings.

8.      Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and accordingly denies the same.

## PRELIMINARY STATEMENT

9.      Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and accordingly denies the same.

10.     Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and accordingly denies the same.

11.     Garcia admits that Devin Haney is a professional boxer. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 11 of the Complaint, and accordingly denies the same.

12.     Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and accordingly denies the same.

13.     Garcia admits that he is a talented boxer. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 13 of the Complaint, and accordingly denies the same.

14.     Garcia denies the allegations set forth in paragraph 14 of the Complaint.

15.     Garcia admits the allegations set forth in paragraph 15 of the Complaint.

16.     Garcia denies that he has a promotional agreement with Golden Boy Promotions, Inc., and accordingly denies the allegations set forth in paragraph 16 of the Complaint.

17.     Garcia denies that he has a promotional agreement with Golden Boy Promotions, Inc., and accordingly denies the allegations set forth in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and accordingly denies the same.

19.     Garcia admits that he signed a bout contract for the bout against Devin Haney. Garcia lacks knowledge or information sufficient to form a belief as to what Haney agreed to, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 19 of the Complaint.

20.     Garcia admits that an Application for Combative Sport Professional License (Professional Boxer or Professional Mixed Martial Artist) was submitted on his behalf to the New York State Athletic Commission and that the application speaks for itself. Garcia lacks knowledge or information sufficient to form a belief as to what Haney submitted and represented, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 20 of the Complaint.

21.     Garcia admits that the bout was initially for the WBC super lightweight title. Garcia further admits that Section 4.29 of the Rules & Regulations of the World Boxing Council provides: "Doping in Boxers. Boxers rated or participating in any contest sanctioned by the WBC shall not take, ingest, or have administered to him any substance, medicine, or drug, or engage in any artificial procedures such as blood doping transfusions, to or that may enhance or reduce the boxer's performance in the ring." Garcia denies the remainder of the allegations set forth in paragraph 21 of the Complaint.

22.     Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and accordingly denies the same.

23.     Garcia admits that he agreed to participate in a pay-per-view boxing event to be held at the Barclays Center on April 20, 2024. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 23 of the Complaint, and accordingly denies the same.

24.     Garcia admits that for the bout, he agreed: it was initially to be held at 140 pounds for the WBC super lightweight title; not to ingest performance enhancing drugs or use prohibited enhancement methods; and to VADA testing. Garcia lacks knowledge or information sufficient to form a belief as to what Haney agreed to, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 24 of the Complaint.

25.     Garcia lacks knowledge or information sufficient to form a belief as to what a "journalist" allegedly wrote, or what Devin Haney and his advisors did or did not determine, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia admits that the weigh in for the bout was on April 19, 2024. Garcia further admits that he made public statements that he had tried to make weight but was unable to do so. Garcia denies the remainder of the allegations set forth in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia admits that Devin Haney allowed Garcia to come into the bout above weight. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 27 of the Complaint, and accordingly denies the same.

28. Garcia lacks knowledge or information sufficient to form a belief as to what Haney would or would not have done, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia admits that the bout was initially for the WBC super lightweight title. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 29 of the Complaint, and accordingly denies the same.

30. Garcia admits that after the weigh in on April 19, 2024, he gave a urine sample to sample collectors from the Voluntary Anti Doping Association (VADA). Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 30 of the Complaint, and accordingly denies the same.

31. Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and accordingly denies the same.

32. Garcia admits that the bout between him and Devin Haney took place on April 20, 2024. Garcia further admis that he won the bout on points, with two judges scoring the bout for Garcia and one judge scoring the bout a draw. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 32 of the Complaint, and accordingly denies the same.

33. Garcia admits that VADA took urine samples from Garcia on April 20, 2024 and that the samples were sent for testing. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 33 of the Complaint, and accordingly denies the same.

34.     Paragraph 34 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia admits that his samples from April 19, 2024 (the day before the bout) and 20, 2024 (the day of the bout) contained trace amounts of ostarine. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 34 of the Complaint, and accordingly denies the same.

35.     Paragraph 35 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies that he was taking intravenous fluids in advance of the bout. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 35 of the Complaint, and accordingly denies the same.

36.     Garcia admits that his B-sample contained trace amounts of ostarine. Garcia further admits that a sample taken by the New York Athletic Commission contained trace amounts of ostarine. Garcia denies the remainder of the allegations set forth in paragraph 36 of the Complaint.

37.     Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and accordingly denies the same.

38.     Paragraph 38 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to what Devin Haney would or would not have done, or what the New York State Athletic Commission would or would not have done, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 38 of the Complaint.

39.     Garcia admits that his representatives stated that his results showed trace amounts of ostarine. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 39 of the Complaint, and accordingly denies the same.

40. Paragraph 40 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia admits that the video at https://www.youtube.com/watch?v=mRbMkBi8yW4 includes footage of him. Garcia denies that he was taking intravenous fluids in advance of the bout. Garcia lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 40 of the Complaint, and accordingly denies the same.

41. Garcia admits that "The New York State Athletic Commission (NYSAC) Prohibited Drug List" states: "The following are prohibited: a. Tampering, or attempting to tamper, to alter the integrity and validity of samples collected. Including but not limited to: Sample substitution and/or adulteration, e.g., addition of proteases to the sample." Garcia denies the remainder of the allegations set forth in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and accordingly denies the same.

43. Garcia admits that he stated: "And I got in there high as f*ck and I beat his ass." Garcia denies the remainder of the allegations set forth in paragraph 43 of the Complaint.

44. Garcia admits that 19 NYCRR § 208.29, "Prohibited substances and the authority of commission to require drug testing of licensed athletes," states:

> The commission may, in its discretion, at any time require a licensed professional boxer or licensed professional mixed martial artist to submit to drug and/or prohibited substance testing at a date and time and in such manner as directed by the commission. Any finding of prohibited substances, masking methods, or drugs may subject the combatant to disqualification or other disciplinary action. A schedule of prohibited substances and/or impermissible drugs shall be posted and maintained by the commission on its official website. The use of any prohibited performance enhancing drug (PED) during training or competition shall be

considered unsportsmanlike conduct, a failure to engage in good faith in honest competition and an act detrimental to the interests of combative sports, and shall subject any licensee found to be in violation of this prohibition to potential purse forfeiture, fine, change of bout result and license revocation.

Garcia denies the remainder of the allegations set forth in paragraph 44 of the Complaint.

36.[2]     Paragraph 36 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and according denies the same.

45.     Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and accordingly denies the same.

46.     Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia lacks knowledge or information sufficient to form a belief as to what Honig has denied, and accordingly denies the same. Garcia denies the remainder of the allegations set forth in paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 47 of the Complaint.

48.     Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, and accordingly denies the same.

---

[2] A second paragraph 36 appears between paragraphs 44 and 45.

## COUNT 1
## BATTERY (AS TO GARCIA)

49.     Garcia repeats and realleges his answers to the allegations in paragraphs 1 through 48 of the Complaint above as if fully set forth herein.

50.     Paragraph 50 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 52 of the Complaint.

## COUNT 2
## FRAUD (AS TO GARCIA)

53.     Garcia repeats and realleges his answers to the allegations in paragraphs 1 through 52 of the Complaint above as if fully set forth herein.

54.     The referenced VADA sample collection form and license application speak for themselves. Garcia denies the remainder of the allegations set forth in paragraph 54 of the Complaint.

55.     Garcia admits the allegations set forth in paragraph 55 of the Complaint.

56.     Garcia denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     Garcia denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     Garcia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint, and accordingly denies the same.

59.     Paragraph 59 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 59 of the Complaint.

### COUNT 3
### UNJUST ENRICHMENT (AS TO GARCIA)

60.     Garcia repeats and realleges his answers to the allegations in paragraphs 1 through 59 of the Complaint above as if fully set forth herein.

61.     Paragraph 61 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Garcia denies each and every allegation set forth in paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Garcia denies each and every allegation set forth in paragraph 64 of the Complaint.

### COUNT 4
### THE ROLE OF JOHN DOES AND DAVID SCOOTER HONEG [SIC] IN
### AIDING AND ABETING [SIC] GARCIA'S TORTS

65.     Garcia repeats and realleges his answers to the allegations in paragraphs 1 through 64 of the Complaint above as if fully set forth herein.

66.     Count 4 of the Complaint is not directed to Garcia, and thus no response to paragraph 66 is required.

67.     Count 4 of the Complaint is not directed to Garcia, and thus no response to paragraph 67 is required.

68.     Count 4 of the Complaint is not directed to Garcia, and thus no response to paragraph 68 is required.

69.     Count 4 of the Complaint is not directed to Garcia, and thus no response to paragraph 69 is required.

## **COUNT 5**
## **BREACH OF CONTRACT AND/OR UNJUST ENRICHMENT (AS TO GOLDEN BOY)**

70.     Garcia repeats and realleges his answers to the allegations in paragraphs 1 through 69 of the Complaint above as if fully set forth herein.

71.     Count 5 of the Complaint is not directed to Garcia, and thus no response to paragraph 71 is required.

72.     Count 5 of the Complaint is not directed to Garcia, and thus no response to paragraph 72 is required.

73.     Count 5 of the Complaint is not directed to Garcia, and thus no response to paragraph 73 is required.

74.     Count 5 of the Complaint is not directed to Garcia, and thus no response to paragraph 74 is required.

75.     Count 5 of the Complaint is not directed to Garcia, and thus no response to paragraph 75 is required.

## COUNT 6
## REQUEST FOR PRE JUDGEMENT [SIC] ATTACHMENT

76.     Garcia repeats and realleges his answers to the allegations in paragraphs 1 through 75 of the Complaint above as if fully set forth herein.

77.     Count 6 of the Complaint is not directed to Garcia, and thus no response to paragraph 77 is required.

78.     Count 6 of the Complaint is not directed to Garcia, and thus no response to paragraph 78 is required.

79.     Count 6 of the Complaint is not directed to Garcia, and thus no response to paragraph 79 is required.

80.     Count 6 of the Complaint is not directed to Garcia, and thus no response to paragraph 80 is required.

81.     Count 6 of the Complaint is not directed to Garcia, and thus no response to paragraph 81 is required.

82.     Count 6 of the Complaint is not directed to Garcia, and thus no response to paragraph 82 is required.

## COUNT 7
## ACCOUNTING FROM GOLDEN BOY

83.     Garcia repeats and realleges his answers to the allegations in paragraphs 1 through 82 of the Complaint above as if fully set forth herein.

84.     Count 7 of the Complaint is not directed to Garcia, and thus no response to paragraph 84 is required.

85.     Count 7 of the Complaint is not directed to Garcia, and thus no response to paragraph 85 is required.

86.     Count 7 of the Complaint is not directed to Garcia, and thus no response to paragraph 86 is required.

## PRAYER FOR RELIEF

87.     Garcia denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief. Garcia requests this Court deny all of the relief sought by Plaintiffs in the WHEREFORE clauses and dismiss the Complaint and all of the claims therein in their entirety and with prejudice. Garcia further requests he be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

88.     No response is required to Plaintiffs' demand for jury trial set forth in the Complaint. To the extent a response is required, Garcia admits that Plaintiffs demand a trial by jury on all issues triable by jury, but denies that any such issues exist with respect to the claims set forth in the Complaint.

## AFFIRMATIVE DEFENSES

Garcia asserts the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

89.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted. Pursuant to Rule 12(h)(2) of the Federal Rules of Civil Procedure, this defense may be raised in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial.

## SECOND AFFIRMATIVE DEFENSE
### (No Pre-Judgment Attachment)

90.     Plaintiffs' request for pre-judgment attachment (Count 6) is barred, in whole or in part, because it is not a legally cognizable cause of action and no motion for an order of attachment has been made.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

91.     Plaintiffs intentionally and voluntarily relinquished or surrendered a known right, benefit, or advantage in connection with one or more causes of action set forth in the Complaint and the facts underlying each of those causes of action.

## FOURTH AFFIRMATIVE DEFENSE
### (Consent)

92.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent because Devin Haney consented to the bout against Garcia.

## FIFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

93.     Plaintiffs' claims are barred, in whole or in part, because Devin Haney assumed the risk when he participated in the bout against Garcia.

## SIXTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

94.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction because Garcia paid Devin Haney $600,000 and agreed that Devin Haney would receive an additional 2% of the net event revenue (otherwise owed to Garcia) after Garcia missed weight for the bout, and because Devin Haney was paid a purse for the bout.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

95.     Plaintiffs' claims are barred, in whole or in part, because any injury or damages allegedly suffered by Plaintiffs were not caused by Garcia's purported use of performance enhancing drugs.

## EIGHTH AFFIRMATIVE DEFENSE
### (Garcia Did Not Receive a Benefit)

96.     Plaintiffs' claims are barred, in whole or in part, because Garcia did not receive a benefit for the bout, let alone a benefit at Devin Haney's expense.

## NINTH AFFIRMATIVE DEFENSE
### (Garcia Forfeited Payment)

97.     Plaintiffs' claims are barred, in whole or in part, because Garcia's purse for the bout was forfeited.

## TENTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

98.     Plaintiffs' unjust enrichment claim (Count 3) is barred, in whole or in part, because it is duplicative of their fraud claim (Count 2).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

99.     Plaintiffs are barred from recovery, if any, in whole or in part, because of their unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

100.     Plaintiffs' claims are barred, in whole or in part, due to an unreasonable delay in pursuing their claims.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

101.     Plaintiffs would be unjustly enriched if they were permitted to obtain any recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Injury or Damages)

102.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not suffer any injury or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

103.     Plaintiffs are not entitled to recover the alleged damages, if any, because they are uncertain, contingent, and speculative.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

104.     Plaintiffs are not entitled to recover the alleged damages, if any, because Plaintiffs failed to mitigate their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Public Policy)

105.     Plaintiffs' claims are barred, in whole or in part, because they are contrary to the established interest and principles of public policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

106.     Plaintiffs are estopped from recovery, if any, in whole or in part, because of their own acts and omissions.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

107.     Garcia reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend his answer.

$$* \quad * \quad * \quad * \quad *$$

## COUNTERCLAIMS

Counterclaim Plaintiff Ryan Garcia ("Garcia" or "Counterclaim-Plaintiff") by and through his undersigned counsel, submits his Counterclaims against Counterclaim Defendants Devin Haney, William Haney p/k/a Bill Haney, and Devin Haney Promotions, Inc. ("Haney Promotions") and alleges as follows:

## NATURE OF THE ACTION

1.     These Counterclaims arise out of the malicious conduct by Counterclaim Defendants Devin Haney, his father Bill Haney, and his promotional company Haney Promotions.

2.     In retaliation for Devin Haney not winning the April 20, 2024 bout against Garcia, Devin Haney and Haney Promotions, at the encouragement of Bill Haney, initiated this action against Garcia, filed the Complaint against Garcia, and requested a pre-judgment attachment against Golden Boy Promotions, Inc. ("Golden Boy") on all funds due to Garcia. Counterclaim Defendants, however, know that the Complaint has no legal or factual basis. Indeed, the Complaint is being used for perverted purposes to: (i) coerce Garcia into agreeing to another bout against Devin Haney; (ii) cause economic harm to Garcia; (iii) damage Garcia's reputation; (iv) encourage unwarranted investigations by anti-doping agencies into Garcia; and (v) obtain an economic advantage and media attention. Such conduct is wholly improper.

3.     After initiating this action against Garcia, in further retaliation for Devin Haney not winning the bout and because the Complaint did not receive the favorable media attention they

thought it would, Devin Haney, Bill Haney, and Haney Promotions have publicly and falsely claimed that Garcia is a coward for not agreeing to another bout against Devin Haney and publicly and falsely accused Garcia of being a cheater for allegedly violating the terms of a rematch that Garcia never agreed to. They did so with actual knowledge and reckless disregard of the fact that their conduct would damage Garcia's prospective business relationships with third parties. Indeed, during a time when Garcia should be focused on his return to professional boxing, Counterclaim Defendants have damaged Garcia's relationships with third parties, including but not limited to other professional boxers and boxing promoters.

4.      Devin Haney, Bill Haney, and Haney Promotions may want to settle personal scores, but their abuse of the judicial process and harassment of Garcia has cost Garcia to the tune of millions of dollars and they must be held accountable.

## **PARTIES**

5.      Counterclaim Plaintiff Garcia is a citizen of the State of California. Garcia is a professional boxer, social media personality, and celebrity. He won the World Boxing Council (WBC) interim lightweight title in 2021.

6.      Counterclaim Defendant Devin Haney is, upon information and belief, a citizen of the State of Nevada. He is a professional boxer. Moreover, Devin Haney initiated this lawsuit against Garcia, filed the baseless Complaint against Garcia, and requested a pre-judgment attachment against Golden Boy on all funds due to Garcia.

7.      Counterclaim Defendant Bill Haney is, upon information and belief, a citizen of the State of Nevada. He is Devin Haney's father, manager, and trainer.

8.      Counterclaim Defendant Haney Promotions is, upon information and belief, a Nevada Corporation and wholly owned by Devin Haney. Upon information and belief, it is a

boxing promotional company. Moreover, Haney Promotions initiated this lawsuit against Garcia, filed the baseless Complaint against Garcia, and requested a pre-judgment attachment against Golden Boy on all funds due to Garcia.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Devin Haney, Bill Haney, and Haney Promotions because, upon information and belief, they transact business within the State of New York; they contract to supply goods or services in the State of New York; and they committed a tortious act within the State of New York.

11. Moreover, Devin Haney and Haney Promotions submitted themselves to the *in personam* jurisdiction of this state's courts by filing this action in the Eastern District of New York.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (3).

13. Moreover, Devin Haney and Haney Promotions consented to venue in this District by filing this action.

14. Counterclaim Defendant Bill Haney is properly joined to these Counterclaims under Fed. R. Civ. P. 13(h) and 20(a)(2).

## STATEMENT OF FACTS

### Ryan Garcia: a Talented, Young Professional Boxer

15. Garcia is a professional boxer and has captivated the boxing world with his impressive speed and power.

16.     He started boxing at the age of seven, and quickly rose through the amateur ranks to become a fifteen-time national amateur champion. Garcia turned professional at the age of seventeen on June 9, 2016. Garcia has competed in the lightweight and super lightweight divisions.

17.     Already, Garcia has had an impressive professional career. He won the WBC Silver lightweight title in 2019 and WBC interim lightweight title in 2021, and has had notable victories over top opponents, including Javier Fortuna, Emmanuel Tagoe, Luke Campbell, Francisco Fonseca, and Romero Duno.

18.     Beyond his achievements in the ring, Garcia is also a social media personality, with millions of followers across various platforms. His engaging personality and dedication to his fans have made him one of the most well-known figures in professional boxing today.

### The Haneys: Devin Haney, Bill Haney, and Haney Promotions

19.     Devin Haney is a professional boxer. His career has not been without criticism, with skeptics arguing that Devin Haney's path to becoming a world champion was less challenging than his peers. For example, Devin Haney was elevated to WBC lightweight champion without fighting the reigning titleholder (Vasiliy Lomachenko), and thus earned the nickname "e-mail champion." Skeptics have commented that Devin Haney lacks power and excitement in his bouts.

20.     Bill Haney is not only Devin Haney's father, but he is also his manager and trainer. Devin Haney has stated that he and Bill Haney function as business partners.

21.     Devin Haney is not without controversy, and recent conduct has negatively impacted his career. In August 2024, a video was posted online that appears to show Devin Haney, accompanied by an entourage, confronting a man and throwing a punch, and then other members of the group joined in the fight.

**Devin Haney Did Not Win the April 20, 2024 Bout Against Garcia**

22.     Garcia and Devin Haney participated in a high-profile professional boxing match, billed as "This One Counts," on April 20, 2024 at the Barclays Center in Brooklyn, New York.

23.     On April 19, 2024, at the official weigh in for the bout, Garcia came in 3.2 pounds above weight. In response, Devin Haney stated: "It don't matter what weight [Garcia] what weight he came in. I'm a true champion, and I will show it. … I will end this pu**y! Get him out of boxing! It's over."

24.     And because he missed weight, Garcia paid Devin Haney $600,000 and agreed that Devin Haney would receive an additional 2% of the net event revenue (otherwise owed to Garcia). Devin Haney accepted the $600,000 payment and additional 2% of the net event revenue for the bout to continue.

25.     Ryan Garcia initially won the April 20, 2024 bout by majority decision.

26.     On June 20, 2024, the New York Athletic Commission issued a Consent Order in which Garcia's professional licenses were administratively suspended for one year (from April 20, 2024); Garcia paid a $10,000 fine to the Commission; and Garcia forfeited his purse for the bout. Moreover, the Commission changed the official result of the bout to a "No Contest."

27.     That change restored Devin Haney to an undefeated record, and to date, his official record is 31-0 (1).

**Devin Haney and Haney Promotions' Baseless Lawsuit**

28.     On September 27, 2024, Devin Haney and Haney Promotions initiated this action against Garcia, Golden Boy, Dave Honig, and unnamed John Does. In the Complaint (Dkt. 1), they filed claims of battery, fraud, and unjust enrichment against Garcia. They also made a request for pre-judgement attachment on "funds which would otherwise have been due [to Garcia which] are being held by Golden Boy." Dkt. 1 ¶80.

29.     For the reasons set forth in the Answer and Affirmative Defenses (above), the Complaint has no legal or factual basis and the claims against Garcia should be dismissed with prejudice for failure to state a claim. More egregiously, Devin Haney and Haney Promotions filed the baseless Complaint against Garcia knowing it had no legal or factual basis.

30.     Devin Haney and Haney Promotions instead initiated this action against Garcia, filed the Complaint against Garcia, and made a request for pre-judgment attachment against Golden Boy on all funds due to Garcia in retaliation for Devin Haney not winning the April 20, 2024 bout against Garcia.

31.     And they did so at the encouragement of Bill Haney. In an interview, Bill Haney stated: "with Devin Haney Promotions, I am the manager right and I made the decision, uh, to bring the lawsuit to Devin and say to him 'Devin listen business is business. … Let me file this lawsuit on behalf of Devin Haney Promotions you sign it and business is business.'"

### Devin Haney, Bill Haney, and Haney Promotions' Public and False Statements About Ryan Garcia

32.     After Devin Haney and Haney Promotions initiated this lawsuit against Garcia, Bill Haney, on behalf of himself and Devin Haney and Haney Promotions, made a number of public and false statements about Garcia in interviews and on social media.

33.     Among other things, Devin Haney, Bill Haney, and Haney Promotions immediately called for Garcia to agree to another bout against Devin Haney. Garcia did not agree (and has not agreed) to a rematch.

34.     On October 8, 2024, Bill Haney posted on his X account @BillHaney77 the statement: "We don't duck fights or lawsuits. @RyanGarcia , you got 48 hours to enroll in VADA for the rematch. Clean competition, real standards. We're always ready—are you?

@Realdevinhaney stays focused, lawsuit or not. #NoExcuses #RealChampions #VADA #Rematch ' #TeamHaney".[3] A true and correct copy of the X post is included below:



35.    On October 9, 2024, Bill Haney posted a photo and videos featuring him and Devin Haney on his Instagram account @billhaney__. The caption states: "@kingryan Tick Tock not the app but the clock. The world finds out without drugs and alcohol you are just as scared to lose as your fans that don't pressure you to help make this sport clean and glorious again. #HaneyGarcia2 [] #DevinHaney #RyanGarcia #TeamHaney".[4] A true and correct copy of the Instagram caption is included below:

[3] https://x.com/BillHaney77/status/1843516847276339411 (last accessed on November 29, 2024).
[4] https://www.instagram.com/billhaney__/p/DA61xAZTqtc/?img_index=1 (last accessed on November 29, 2024).



36.     On October 20, 2024, Bill Haney posted on his X account @BillHaney77 the statement: "Man, I'm hearing all this yappin' from Lying Ryan who hasn't even signed up for random testing yet—screaming from the mountaintop like he's got a belt to back it up. But let's keep it real—ZERO championships, just fake headlines."[5] A true and correct copy of the X post is included below:



[5] https://x.com/BillHaney77/status/1848073443784446255 (last accessed on November 29, 2024).

37.     Later that same date (October 20, 2024), Bill Haney posted on his X account @BillHaney77 the statement: "Lying Ryan wants to fight the manager, the trainer, the father—anyone but the guy he cheated. You're running from real accountability. How about proving you're clean with random testing before talking about real fights? No belts, no legacy—just excuses."[6] A true and correct copy of the X post is included below:



38.     Later that same date (October 20, 2024), Bill Haney posted on his X account @BillHaney77 the statement: "Ryan, you can't win a championship belt, so you wrap a waist belt around your arm and shoot Ostarine instead? The fans and the sport deserve better than your excuses. If you're so confident you didn't cheat, show us the receipts and prove it. You've quit before, so nothing surprises me about you. Devin never, ever quits. We're not letting this slide."[7]

39.     Later that same date (October 20, 2024), Bill Haney posted on his X account @BillHaney77 the statement: "King CAP, stop the precious shit. You know VADA will expose

[6] https://x.com/BillHaney77/status/1848134125624193033 (last accessed on November 29, 2024).
[7] https://x.com/BillHaney77/status/1848166973861195908 (last accessed on November 29, 2024).

the truth and bust you in 48 hours if you're still a hot fighter. We both know why you're avoiding it. Fighters and fans deserve real answers, not deflections."[8]

40.    Later that same date (October 20, 2024), Bill Haney posted on his X account @BillHaney77 the statement: "I see Ryan's fans backing him up, and I respect the loyalty. But real talk, if Ryan's as clean as you all believe, VADA testing should be a no-brainer. Devin's already signed up. Let's clear the air and put the doubts to rest. Fighters and fans deserve the truth. What's he hiding?'"[9] A true and correct copy of the X post is included below:



41.    On October 23, 2024, Bill Haney posted on his X account @BillHaney77 the statement: "Ryan, faith is powerful, but it shouldn't be a shield from the truth. If there's nothing to hide, why avoid random VADA testing? Are you buying time to clean up? Fans deserve transparency, not excuses. Prove that you stand by the values you preach let your actions show the integrity you claim. The sport and its supporters expect honesty. #WhatAreYouHiding

[8] https://x.com/BillHaney77/status/1848186320088174976 (last accessed on November 29, 2024).
[9] https://x.com/BillHaney77/status/1848207688905212052 (last accessed on November 29, 2024).

#BoxingIntegrity #RyanGarcia #TeamHaney".[10] A true and correct copy of the X post is included below:



42.     Later that same day (October 23, 2024), Bill Haney posted on his X account @BilHaney77 the statement: "Media [] It's time to step up and ask the real question: Why is Ryan Garcia refusing random VADA testing? If clean sport matters, we need answers, not silence. Let's hold everyone to the same standard and put the spotlight on accountability in boxing. The fans deserve the truth no more dodging. #AskTheRealQuestion #CleanBoxing #BoxingIntegrity #RyanGarcia #TeamHaney".[11] A true and correct copy of the X post is included below:

[10]  https://x.com/BillHaney77/status/1849115406046515557 (last accessed on November 29, 2024).
[11]  https://x.com/BillHaney77/status/1849145987425804306 (last accessed on November 29, 2024).



**Bill Haney** ✔
@BillHaney77

Media 🙄 It's time to step up and ask the real question: Why is Ryan Garcia refusing random VADA testing? If clean sport matters, we need answers, not silence. Let's hold everyone to the same standard and put the spotlight on accountability in boxing. The fans deserve the truth no more dodging. #AskTheRealQuestion #CleanBoxing #BoxingIntegrity #RyanGarcia #TeamHaney

1:48 PM · Oct 23, 2024 · **66.3K** Views

**45** Reposts   **30** Quotes   **291** Likes   **14** Bookmarks

43.     Bill Haney, on behalf of himself and Devin Haney and Haney Promotions, has publicly and falsely claimed that Garcia is a coward for not agreeing to another bout against Devin Haney and publicly and falsely accused Garcia of being a cheater for allegedly violating the terms of a rematch that Garcia never agreed to.

44.     As of the filing of these Counterclaims, Devin Haney, Bill Haney, and Haney Promotions have not stopped making public and false statements about Garcia.

**Garcia's Valuable Relationships with Other Professional Boxers and Boxing Promoters Have Been Damaged**

45.     After the Complaint was filed, Oscar de la Hoya, Chairman and CEO of Golden Boy, stated about Garcia: "I just had him in my office uh 30 minutes ago. Big plans for him coming back. You know obviously we have to deal with this frivolous lawsuit that that that they slapped on us." Indeed, during a time when Garcia should be focused on his return to professional boxing, Devin Haney, Bill Haney, and Haney Promotions have maliciously interfered with and damaged Garcia's relationships with third parties, including but not limited to other professional boxers and boxing promoters.

46.     Even more egregiously, Devin Haney, Bill Haney, and Haney Promotions acted with actual knowledge and reckless disregard of the fact that their conduct would damage Garcia's prospective business relationships with third parties. Given their experience in the boxing industry, they were (and are) well aware that their conduct would interfere with and damage Garcia's relationships with other professional boxers and boxing promoters.

47.     Counterclaim Defendants have already abused the judicial process and damaged Garcia, and unless this Court stops them, they will continue to do so.

**COUNTERCLAIM I**
**ABUSE OF PROCESS**
**Against Counterclaim Defendants Devin Haney and Haney Promotions**

48.     Garcia repeats, realleges, and incorporates each and every allegation contained in paragraphs 1 through 47 of the Counterclaims as though fully set herein.

49.     Counterclaim Defendants Devin Haney and Haney Promotions initiated this lawsuit against Garcia, filed the baseless Complaint against Garcia, and requested a pre-judgment attachment against Golden Boy on all funds due to Garcia. These actions were taken with the malicious intent to harm Garcia without excuse or justification, namely in retaliation for Devin Haney not winning the April 20, 2024 bout against Garcia.

50.     Devin Haney and Haney Promotions misused the civil process to achieve ulterior motives. Specifically, they aimed to: (i) coerce Garcia into agreeing to another bout against Devin Haney; (ii) cause economic harm to Garcia; (iii) damage Garcia's reputation; (iv) encourage unwarranted investigations by anti-doping agencies into Garcia; and (v) obtain an economic advantage and media attention.

51.     As a direct and proximate result of Devin Haney and Haney Promotions' abuse of process, Garcia has suffered actual and ascertainable damages, including but not limited to the

costs of defending against Haney and Haney Promotions' meritless claims, in an amount to be determined at trial.

52. Garcia is therefore entitled to recover compensatory damages from Devin Haney and Haney Promotions. And due to the egregious and willful nature of Devin Haney and Haney Promotions' conduct as described herein, Garcia should be awarded punitive damages.

**COUNTERCLAIM II**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**Against Counterclaim Defendants Devin Haney, Bill Haney, and Haney Promotions**

53. Garcia repeats, realleges, and incorporates each and every allegation contained in paragraphs 1 through 52 of the Counterclaims as though fully set herein.

54. Counterclaim Defendants Devin Haney, Bill Haney, and Haney Promotions maliciously interfered with Garcia's prospective business relationships with third parties, including but not limited to other professional boxers and boxing promoters. Specifically: (i) Devin Haney and Haney Promotions filed the baseless Complaint against Garcia, knowing it had no legal or factual basis; and (ii) Devin Haney, Bill Haney, and Haney Promotions publicly and falsely claimed that Garcia is a coward for not agreeing to another bout against Devin Haney and publicly and falsely accused Garcia of being a cheater for allegedly violating the terms of a rematch that Garcia never agreed to.

55. The actions of Devin Haney, Bill Haney, and Haney Promotions were undertaken with the wrongful purpose of retaliating against Garcia for Devin Haney not winning the April 20, 2024 bout. Their actions were carried out using dishonest, unfair, and improper means.

56. As a direct and proximate result of these wrongful actions, Garcia's relationships with third parties, including but not limited to other professional boxers and boxing promoters, were significantly damaged. But for the Counterclaim Defendants' misconduct, these prospective

business relationships would have resulted in actual contracts and substantial economic benefits for Garcia.

57.     Devin Haney, Bill Haney, and Haney Promotions acted with actual knowledge and reckless disregard of the fact that their actions would damage Garcia's prospective business relationships with third parties.

58.     Garcia is therefore entitled to recover compensatory damages from the Counterclaim Defendants. And due to the egregious and willful nature of the Counterclaim Defendants' conduct as described herein, Garcia should be awarded punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim Plaintiff Garcia respectfully requests that this Court enter an order and judgment in favor of him and against Counterclaim Defendants Devin Haney, Bill Haney, and Haney Promotions as follows:

a.     Devin Haney and Haney Promotions take nothing by way of their Complaint and that the Complaint be dismissed with prejudice;

b.     Garcia be awarded compensatory damages in an amount to be determined at trial, but in no event less than $2,500,000;

c.     Garcia be awarded punitive damages as a result of Counterclaim Defendants' egregious and willful conduct as described herein in an amount to be determined at trial, but in no event less than $5,000,000;

d.     Garcia be awarded interest in an amount according to law;

e.     Garcia be awarded his reasonable attorneys' fees and costs; and

f.     For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
         December 4, 2024

Respectfully submitted,

**BLANK ROME LLP**

By:   _/s/ Reena Jain_
      Craig Weiner
      Reena Jain
      1271 Avenue of the Americas
      New York, NY 10020
      Tel.: (212) 885-5000
      Fax: (212) 885-5001
      craig.weiner@blankrome.com
      reena.jain@blankrome.com

*Counsel for Defendant and Counterclaim*
*Plaintiff Ryan Garcia*