# DINES AND ENGLISH, L.L.C.

ATTORNEYS AT LAW

685 VAN HOUTEN AVENUE

CLIFTON, NEW JERSEY 07013

(973) 778-7575

FACSIMILE

(973) 778-7633

PATRICK C. ENGLISH
Email: dinesandenglish@aol.com
ALSO ADMITTED IN
THE UNITED STATES
DISTRICT COURTS FOR THE
SOUTHERN AND EASTERN DISTRICTS OF
NEW YORK, CONNECTICUT,
AND THE NORTHERN DISTRICT OF ILLINOIS

AARON DINES
(1923-2002)

JASON M. SANTARCANGELO
Email: jsdinesandenglish@verizon.net
OF COUNSEL
ALSO ADMITTED IN NEW YORK

Honorable Frederic Block, USDJ

United States District Court for the New York Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

January 3, 2024

Re: Request For Pre Motion Conference

Haney v. Garcia, et al -24-cv.-06946-FB-TAM

Dear Judge Block:

This office represents the Plaintiffs, Devin Haney and Devin Haney Productions, Inc. Pursuant to your practice rules we write to request a pre motion conference. We wish to make a Rule 12 (b)96) motion to dismiss the Counterclaim of Ryan Garcis.

Defendant Ryan Garcia has filed a counterclaim with two counts. Count 1 is for abuse of process. Count 2 is for Tortious interference with Prospective Advantage. It is our intent to file a Rule 12 (b)6) motion to dismiss.

On April 20, 2024, Mr. Garcia participated in a New York Athletic Commission sanctioned professional boxing contest held at The Barclay's Center in Brooklyn, New York against Mr. Devin Haney (the "Bout"). Counterclaimant was initially declared the winner of the Bout by majority decision, however that decision was changed to a no contest when a Prohibited Performance Enhancing Drug ("PED") was found in his system. Additional research on behalf of

Devin Haney disclosed the use of intravenous fluids, which is a masking agent and which is banned.

On June 20, 2024 Garcia entered into a Consent Order with the New York Athletic Commission imposing serious penalties upon Garcia, including a suspension of one year and a forfeiture of his base purse. A copy is annexed to this letter as exhibit A and is also an exhibit to the complaint.. The suspension has not expired.

On September 27, 2024 Devin Haney filed a complaint against , inter alia, Ryan Garcia. As to Ryan Garcia the Complaint alleged Battery (Count 1) and Fraud (Count 2) On December 4 Garcia filed an Answer and Counterclaim. The Counterclaim alleges abuse of process and tortious interference with prospective economic advantage.[1]

To state a claim for abuse of process, a party must allege that the alleged tortfeasor "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Hernandez v. United States*, 939 F.3d 191, 204 (2d Cir. 2019) (quoting Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003)). In *Curiano v. Suozzi*, the Court of Appeals held that "the institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Id.*, 63 NY2d at 116. *See, Goldman v. Citicore I, LLC, supra,* 149 AD3d at 1044-45; *Muro-Light v. Farley,* 95 AD3d 846, 847 (2d Dept. 2012). *See also, McMahan v. McMahan,* 164 AD3d 1486, 1488 (2d Dept. 2018) ("frivolous litigation requiring a party to spend legal fees" does not constitute abuse of process).

The allegation in the Counterclaim is that this action has been filed to force a rematch. The allegation makes no sense in that a rematch is not among the elements of relief requested. There is no allegation that this complaint was filed by Devin Haney with a malicious intent to do harm to Garcia. A series of postings are made part of the "counterclaim" but none are by Devin Haney – they are by his father and would appear to be nothing extraordinary under the circumstances.

As to the Interference with prospective economic claim, under New York law:

> "the proponent of a claim for tortious interference with prospective economic advantage" must demonstrate that defendant interfered with plaintiff's prospective business relations by utilizing wrongful means or that the defendant acted solely to

---

[1] The Counterclaim also named Bill Haney, Devin's father. We do not represent Bill Haney but as he was not a party to the lawsuit it would appear that any joinder would be by third party complaint and not a counterclaim. According to the docket he has not yet been served as of the date of this letter..

harm the plaintiff (*Tsatskin v Kordonsky*, 189 AD3d 1296, 1298 [2d Dept 2020]; *Moulton Paving, LLC v Town of Poughkeepsie*, 98 AD3d 1009, 1013 [2d Dept 2012]; *Caprer v Nussbaum*, 36 AD3d 176, 204 [2d Dept 2006]). Indeed, it must be alleged that defendant acted <u>solely</u> out of malice, that but for defendant's conduct, plaintiff and a third-party would have consummated a contract, and the third-party with whom contractual relations were thwarted must be identified (*Trepel v Hodgins*, 183 AD3d 429, 429 [1st Dept 2020] ["The tortious interference with prospective business relations claim does not allege that the New York defendants acted solely out of malice or employed wrongful means or that a contract would have been entered into with any third party 'but for' their conduct, and it does not identify any such third party."]; *Kickertz v New York Univ.*, 110 AD3d 268, 275 [1st Dept 2013]; *Am. Preferred Prescription, Inc. v Health Mgt., Inc.*, 252 AD2d 414, 418 [1st Dept 1998]). Significantly, defendant's "wrongful conduct must amount to a crime or an independent tort, and may consist of physical violence, fraud or misrepresentation, civil suits and criminal prosecutions" (*Tsatskin* at 1298; *Moulton Paving, LLC* at 767; *Am. Preferred Prescription, Inc.* at 418; see *Guard-Life Corp. v S. Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]; *Smith v Meridian Tech., Inc.*, 86 AD3d 557, 560 [2d Dept 2011]). Absent the allegation of an independent tort, claims that a defendant maliciously and deceitfully interfered with the consummation of a contract are clearly insufficient (*Kickertz* at 275; *Gertler v Goodgold*, 107 AD2d 481, 490 [1st Dept 1985], *affd*, 66 NY2d 946 [1985]). Indeed, economic pressure is insufficient to establish a claim for tortious interference with prospective economic advantage (*Carvel Corp. v Noonan*, 3 NY3d 182, 192 [2004]". *August Construction v. Kevin DeGroat*, 79 Misc 1212 (2023).

The counterclaim does not identify any third party with whom contractual relations have been thwarted , cannot credibly represent that plaintiffs operated solely out of malice consistent with *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, (2007) and *Ashcroft v. Iqbal* 556. US.678 (2009). Counterclaimant simply has not and can not present plausible claim.

A Motion for Dismissal of the Counterclaim is appropriate.

Respectfully Submitted.

_____
Patrick C. English

Counsel for Devin Haney and Devin Haney Promotions, Inc.

**ATHLETIC COMMISSION**
STATE OF NEW YORK
**DEPARTMENT OF STATE**
123 WILLIAM STREET
NEW YORK, NY 10038-3804
TELEPHONE: (212) 417-5700
FAX: (212) 417-4987
HTTPS://DOS.NY.GOV

KATHY HOCHUL
GOVERNOR
WALTER T. MOSELY
SECRETARY OF STATE
MATTHEW DELAGLIO
ACTING EXECUTIVE DIRECTOR
NITIN K. SETHI, MD
CHIEF MEDICAL OFFICER
ANGELA GAGLIARDI, MD
ASSISTANT CHIEF MEDICAL OFFICER

NEW YORK STATE ATHLETIC COMMISSION
NEW YORK STATE DEPARTMENT OF STATE
-----------------------------------------------------------------X
In the Matter of the Alleged Violations of Article 41
of the General Business Law and the Regulations
promulgated thereunder,

          -by-

**CONSENT ORDER**
File No: AC24-0007

RYAN GARCIA
Professional Boxer
(License No: DOS-PRO-BOX-CBT-LIC-2024-000038)

          Respondent.
-----------------------------------------------------------------X

1. The New York State Athletic Commission (the "Commission") is a division within the New York State Department of State charged with the regulation of licensed professional boxing and with the enforcement of Article 41 of the General Business Law ("GBL") of the State of New York and the Regulations promulgated thereunder.

2. At all times relevant herein, RYAN GARCIA ("Respondent") was, and is, licensed by the Commission as a professional boxer (License No: DOS-PRO-BOX-CBT-LIC-2024-000038).

3. Respondent has been advised of his right to counsel and is represented in this proceeding by Paul J. Greene, Esq., Global Sports Advocates, LLC., 254 Commercial Street, Suite 245 Portland, Maine USA 04101.

4. By executing this Consent Order, Respondent affirmatively waives any and all rights to hearing, and any appeals as provided by law, consents to the issuance and entry of this Order, and agrees to be bound by the terms, provisions, and conditions contained herein.

5. On April 20, 2024, Respondent participated in a Commission-sanctioned professional boxing contest held at The Barclay's Center in Brooklyn, New York against Mr. Devin Haney (the "Bout"). Respondent was declared the winner of the Bout by majority decision.

6. Following the Bout, the Commission obtained evidence of adverse analytic findings in Respondent's urine.



7. Respondent has been advised of his rights pursuant to, *inter alia*, GBL §§ 1004, 1007(4), 1019 and 19 NYCRR §§ 19 NYCRR §§ 206.6-206.14, 208.1, 208.11(d), 208.17, 209.3 and waives his rights to required notices and agrees to bound by the terms and conditions as set forth herein.

8. Respondent admits the allegations and violations set forth herein, and affirms that all violations alleged by the Commission have been, or will be rectified, in accordance with the terms set forth herein:

   I. Respondent failed to disclose to Commission physicians all prescriptions / non-prescription medications or supplements taken prior to the Bout, in violation of NY GBL § 1007(4);19 NYCRR § 208.6(a).

*NOW*, in consideration of the above premises, it is **ORDERED**:

1. That Respondent shall execute and forward the within Consent Order to the New York State Athletic Commission, Attn: Samantha McEachin, Esq., 123 William Street, 2nd Floor, New York, NY 10038, **so that the original of same is received on or before June 21, 2024.** Said Consent Order may be delivered to the Commission electronically; and

2. In consideration of, among other things, waiving his rights for a hearing, **Respondent's professional licenses shall be administratively suspended for 1 year from April 20, 2024** (i.e., effective until at least April 20, 2025), and **such suspension shall continue until Respondent shall a pay a fine to the Commission in the sum of Ten Thousand ($10,000.00)**; and

3. **Respondent shall continue to be medically suspended until such time that Respondent provides sufficient medical evidence demonstrating to the satisfaction of the Commission that Respondent is medically fit to fight.** Such medical evidence must include a urinalysis which does not indicate a positive result for illegal and/or prohibited substances as mandated by the Commission, including a negative result for Anabolic Agents; and

4. **Respondent's purse received following the Bout and for his performance relating thereto, shall be declared forfeited and returned to the promoter, Golden Boy Promotions.** Respondent's administrative suspension shall continue until Respondent provides sufficient evidence that such forfeiture has been satisfied; and

5. The Commission shall change the official Bout result to a **"No Contest"**; and

6. Failure by the Respondent to timely comply with any of the foregoing conditions, shall render the offer set forth herein null and void and shall result in new proceedings against the Respondent; and

7. That the Consent Order herein expressly depends upon representations made by the Respondent, both oral or written, formal or informal, which relate to the subject matter of the Consent Order and that such representations have fully, accurately, and truthfully disclosed all relevant facts to the Commission. If any such representation is determined to be limited, inaccurate or untruthful, the Commission shall not be bound by the terms herein and shall initiate any action it deems appropriate in the administrative, civil, or criminal prosecution of the Respondent; and

8. The provisions of this Consent Order shall be deemed to bind Respondent, Respondent's agents, employees, successors, and assigns, and all persons, firms, or corporations acting under or for the Respondent; and

9. The effective date of this Order shall be the date on which the Commission signs it and shall expire when the Respondent has fully complied with the requirements of this Consent Order. The Commission will provide Respondent with a fully executed copy of this Consent Order as soon as practicable after the Commission signs it; and

10. The failure of Respondent to comply fully and in a timely fashion with any provision of this Consent Order shall constitute a default and a failure to perform an obligation under this Consent Order; and

11. This Consent Order constitutes the entire agreement of the parties and no provision of the agreement shall be deemed waived or otherwise modified except as is specifically set forth in a writing executed by the Commission indicating an intent to modify this Consent Order; and

12. Nothing contained in this Consent Order shall be construed as barring, diminishing, adjudicating or in any way affecting (1) any legal, administrative or equitable rights or claims, actions, suits, causes of action or demand whatsoever that the Commission may have against anyone other than Respondent, his agents, employees, successors, and assigns, and all persons, firms, or corporations acting under or for the Respondent; (2) any right of the Commission to enforce administratively or at law or in equity, the terms, provisions and conditions of this Consent Order; or (3) any right of the Commission to bring any future action, either administrative or judicial, for any other violations of the applicable laws, the implementing regulations or conditions contained in orders if any, issued by the Commission to Respondent.

Dated: 06/20/2024
New York, New York

_____
Matthew Delaglio
Acting Executive Director
New York State Athletic Commission

## CONSENT OF RESPONDENT RYAN GARCIA

  Respondent RYAN GARCIA hereby consents to the issuing and entering of this Consent Order, waives the right to a hearing as provided by law, and agrees to be bound by the terms and conditions herein.

PAUL J. GREENE, ESQ., an attorney duly admitted to practice law in the state of New York, retained to represent the Respondent in this matter, affirms this 20th day of June, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, that I hereby have been authorized to enter and accept the within Consent Order on behalf of RYAN GARCIA, and understand that this document may be filed in an action or proceeding in a court of law.

    Consent of:

    _[signature]_
    _____
    RYAN GARCIA
    By: PAUL J. GREENE, ESQ.
      Attorney for Respondent